**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA FOSTER,** | : | Civil Action No. |
| 300 Keystone Street | : | |
| Hawley, PA 18428 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **HORIZON DENTAL CARE AT** | : | |
| **STEAMTOWN, INC., d/b/a HORIZON** | : | |
| **DENTAL CARE OF HAWLEY,** | : | |
| 2537 US-6 | : | |
| Hawley, PA 18428 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Christina Foster (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Horizon Dental Care at Steamtown, Inc. d/b/a Horizon Dental Care of Hawley (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnancy Discrimination Act ("PDA"), the Pennsylvania Human Relations Act ("PHRA"), the Equal Pay Act ("EPA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Horizon Dental Care at Steamtown, Inc. d/b/a Horizon Dental Care of Hawley is a dental practice with a location and corporate headquarters at 2537 US-6, Hawley, PA 18428.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because some or all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII/the PDA, the EPA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on July 2, 2024, alleging race, national origin, and color discrimination and equal pay against Defendant.

14. The Charge was assigned a Charge Number 530-2024-07348 and was dual filed with the Pennsylvania Human Relations Act ("PHRA").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 24, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or about December 10, 2012, Defendant hired Plaintiff.

22. At the time of her termination, Plaintiff held the positions of Office Manager and Insurance Coordinator.

23. Throughout Plaintiff's eleven (11) years with Defendant, Plaintiff maintained stellar work performance.

24. Plaintiff worked as an Office Manager throughout her employment with Defendant.

25. In or around June 2023, Plaintiff went out on preapproved maternity leave.

26. However, per her arrangements with Defendant, Plaintiff continued to work for Defendant remotely during her maternity leave.

27. During her maternity leave and remote working arrangement, Defendant placed Plaintiff in the Insurance Coordinator position.

28. Throughout her leave, John Evanish (male), Owner, had the Chief Operating Officer continually ask Plaintiff when she would be returning to work in person.

29. Evanish stated he "needed" Plaintiff to be back.

30. After her preapproved twelve (12) weeks of maternity leave, in or around September 2023, Plaintiff notified Evanish that her newborn son would not take a bottle and was required to continue to be breastfed.

31. Importantly, Plaintiff could not bring her son to Defendant to be breastfed because there was no physical space or accommodation in Defendant's office for a newborn to feed or sleep.

32. Evanish approved Plaintiff to continue to work from home from October 2023 through December 2023.

33. In or around the end of January 2024, Evanish informed Plaintiff that he was decreasing Plaintiff's pay by two (2) dollars per hour.

34. Upon information and belief, Defendant did not lower the pay of the other Insurance Coordinators who had not been pregnant nor had they asked for accommodation associated with pregnancy or the birth of their children.

35. On or about February 6, 2024, Evanish agreed to continue to let Plaintiff work from home in her role as an Insurance Coordinator with her decreased pay rate, until her son turned one year old, could safely be introduced to whole milk and she could return to work in the office.

36. On or about April 2, 2024, Evanish had Andrea Avery call Plaintiff and ask her to come to work in person on April 3, 2024, despite her remote work accommodation given her post-partum nature and need to provide for her newborn child.

37. Plaintiff stated she could not get a last-minute babysitter for her newborn given the short notice.

38. On or about April 4, 2024, Defendant sent Plaintiff a termination letter.

39. Plaintiff had not seen the termination and called Evanish due to being unable to log in to Defendant's system.

40. Evanish informed Plaintiff of her termination.

41. Evanish stated the reason for termination was that Defendant could not agree with Plaintiff on her accommodation.

42. Importantly, two (2) other Insurance Coordinators at Defendant worked fully remotely without issue.

43. Neither of these Insurance Coordinators had taken a maternity leave nor were their remote work situations related to the birth of their children or need to provide their newborn childcare and nourishment.

44. Defendant discriminated against Plaintiff due to her pregnancy, failed to accommodate Plaintiff and retaliated against her for requesting a reasonable pregnancy discrimination in violation of Title VII, as amended by the PDA, and the PHRA.

45. Additionally, Defendant failed to have adequate accommodation in the workplace for a mother with a newborn in violation of Title VII, as amended by the PDA, and the PHRA.

46. Plaintiff was also subject to disparate pay in violation of Title VII, as amended by the PDA, the PHRA, and the Equal Pay Act.

47. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – PREGNANCY DISCRIMINATION
### TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a member of a protected class in that she is pregnant.

50. Plaintiff was qualified to perform the job for which she was hired.

51. Defendant did not provide Plaintiff with a reasonable accommodation.

52. Defendant terminated Plaintiff's employment.

53. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. Defendant discriminated against Plaintiff on the basis of her pregnancy.

56. Defendant treated non-pregnant employees better than it treated Plaintiff.

57. The above actions by Defendant also constitute a failure to accommodate and/or a failure to engage in the required interactive process.

58. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

59. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – PREGNANCY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a member of a protected class in that she is pregnant.

62. Plaintiff was qualified to perform the job for which she was hired.

63. Defendant did not provide Plaintiff with a reasonable accommodation.

64. Defendant terminated Plaintiff's employment.

65. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

67. Defendant discriminated against Plaintiff on the basis of her pregnancy.

68. Defendant treated non-pregnant employees better than it treated Plaintiff.

69. The above actions by Defendant also constitute a failure to accommodate and/or a failure to engage in the required interactive process.

70. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff engaged in protected activity protected by Title VII/PDA when she requested a reasonable accommodation due to her pregnancy.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff engaged in protected activity protected by PHRA when she requested a

reasonable accommodation due to her pregnancy.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

78. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – DISCRIMINATION
### EQUAL PAY ACT, 29 U.S.C § 206(d)

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Defendant employed Plaintiff within the meaning of the Equal Pay Act.

81. Defendant paid different wages to Plaintiff, a woman, at rates less than the rates that it pays male employees for equal work in jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.

82. In doing so, Defendant violated the Equal Pay Act, 29 U.S.C. § 206(d).

83. Defendant's violation of the Equal Pay Act was willful.

84. Defendant cannot demonstrate that the wage differential was caused by any factor other than sex.

85. Defendant did not have a legitimate, non-discriminatory reasons for its compensation decision, and its stated reason was pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christina Foster, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages as appropriate;

(c) Liquidated damages as appropriate;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII/the PDA, the EPA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                **RESPECTFULLY SUBMITTED,**

                                **KOLLER LAW, LLC**

Date: May 27, 2025          **By:** */s/David M. Koller*
                                      David M. Koller, Esquire
                                      Jordan D. Santo, Esquire
                                      2043 Locust Street, Suite 1B
                                      Philadelphia, PA 19103
                                      215-545-8917
                                      davidk@kollerlawfirm.com
                                      jordans@kollerlawfirm.com

                                      *Counsel for Plaintiff*