**IN THE UNTITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA FOSTER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 25-CV-01424** |
| | : | |
| | : | **JUDGE MEHALCHICK** |
| **HORIZON DENTAL CARE AT** | : | |
| **STEAMTOWN, INC. d/b/a HORIZON** | : | **ELECTRONICALLY FILED** |
| **DENTAL CARE OF HAWLEY,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL ARBITRATION OR,
IN THE ALTERNATIVE, TO DISMISS COMPLAINT**

**INTRODUCTION**

After exhausting twelve weeks of available parental leave, Plaintiff Christina

Foster gave notice in September 2023 that she would not return to her in-person job

as Office Manager at Defendant Horizon Dental Care at Steamtown, Inc. ("Horizon

Dental") and instead would work from home as an Insurance Coordinator while she

nursed and cared for her newborn son. She refused requests to return to work in the

office and in April 2024 was told that her employment would be terminated because

Horizon Dental no longer supported remote work. Ms. Foster now claims that

requiring her to return to work in the office nearly a year after her baby was born

violated her right to be free from pregnancy discrimination. Her allegations are

subject to a binding arbitration agreement and must, therefore, be litigated, if at all,

only through arbitration.  Further, the allegations in the Complaint are insufficient to state a plausible claim for relief under any legal theory.  Ms. Foster should be compelled to arbitrate her claims or, alternatively, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Ms. Foster worked as an Office Manager at Horizon Dental prior to the birth of her baby in or around June 2023.  Compl. ¶¶ 24, 25.  In September 2023, at the conclusion of her 12-week parental leave, Ms. Foster gave notice that she would not return to work in the office because "her newborn son would not take a bottle and was required to continue to be breastfed."  *Id.* ¶ 30.  She alleges that management expected and needed her to return to work in person.  *Id.* ¶¶ 28-29.

Ms. Foster alleges that she was permitted to work from home as an Insurance Coordinator from September 2023 through December 2023.  *Id.* ¶ 32.  She did not return to work in the office at the end of the approved work-from-home period and instead remained working remotely as an Insurance Coordinator.  In January 2024, her pay was adjusted to correspond with the Insurance Coordinator role.  *Id.* ¶ 33.

On April 2, 2024, Ms. Foster was asked to report to work for an in-person meeting the next day.  *Id.* ¶ 36.  She did not report as requested because "she could not get a last-minute babysitter" for her son.  *Id.* ¶ 37.  She was advised on April 4,

---

[1]   As required, the well-pled factual allegations in the Complaint are accepted as true for purposes of this motion only.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2024 that her employment was terminated because Horizon Dental no longer supported remote work. *Id.* ¶¶ 38, 41.

Ms. Foster brought the instant action in the U.S. District Court for the Eastern District of Pennsylvania on or about May 27, 2025. (ECF 1.) In her five-count Complaint, she alleges that she was subject to pregnancy discrimination and denied accommodation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.§ 2000e(k) (Count I) and the Pennsylvania Human Relation Act ("PHRA"), 43 P.S. § 951 *et seq.* (Count II), that she was subject to retaliation for allegedly requesting a pregnancy accommodation in violation of Title VII and the PDA (Count III) and the PHRA (Count IV), and that she was subject to pay discrimination in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1) (Count V). This action was transferred to this Court on August 1, 2025. (ECF 7.)

## ARGUMENT

To avoid dismissal under Rule 12(b)(6), a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, to survive a motion to dismiss, a complaint must include

3

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678.

The claims alleged in the Complaint fail to satisfy these basic pleading requirements and are subject to a binding arbitration agreement. Ms. Foster should be compelled to litigate her claims, if at all, only through arbitration. Alternatively, should the Court decline to compel arbitration, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## I.     Ms. Foster Should Be Compelled to Arbitrate Any Claims.

Ms. Foster agreed to arbitrate any disputes arising out of her employment at Horizon Dental and therefore she should be compelled to pursue her claims, if at all, only through arbitration.

As a condition of her employment, Ms. Foster agreed to the Alternative Dispute Resolution Policy ("ADR Policy") contained in Horizon Dental's employee handbook. *See* Declaration of John Evanish IV (ECF 10-1) ¶¶ 2-4 & Ex. A (ADR Policy). The ADR Policy is governed by the Federal Arbitration Act, 9 U.S.C.A. § 2. *See* ADR Policy at p. 6 ("Application of state law is not intended to preempt the application of the Federal Arbitration Act."); *see also Spinetti v. Service Corp. Intern.*, 324 F.3d 212, 218 (3d Cir. 2003) ("[A]rbitration agreements covering employment-related claims fall within the FAA's provisions."). A disputed claim must be arbitrated if the court determines that (1) there is an agreement to arbitrate between the parties; and (2) the agreement covers the dispute. *Howsam v. Dean*

*Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 523 (3d Cir. 2009) ("Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement."). Both questions are answered affirmatively here.

*First*, the ADR Policy constitutes a valid and enforceable agreement to arbitrate employment-related disputes. In making this determination, "[a] federal court must generally look to the relevant state law on the formation of contracts." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). Contract formation under Pennsylvania law requires that the parties manifest an intention to be bound by the agreement, that the terms of the agreement be sufficiently definite, and that the agreement is supported by consideration. *Id.* Here, Ms. Foster executed the ADR Policy Employee Acknowledgement of Receipt, which states: "I acknowledge that I have received a copy of the *Alternative Dispute Resolution Policy* (ADRP) relating to Employer. I have read and understand Employer's ADRP policy and agree to abide by it as a condition of my employment." *See* Exhibit C to Declaration of John Evanish IV (ECF 10-1). The first element necessary to compel arbitration is thus satisfied. *See Asberry-Jones v. Wells Fargo Bank, Nat'l Ass'n*, No. 19-83, 2019 WL 2077731, at *5 (E.D. Pa. May 10, 2019) (finding that agreement to arbitrate employment claims was formed where "signing the Arbitration Agreement was a

mandatory condition" of employment and the Agreement includes mutual "promises to be bound by arbitration."); *Stephenson v. AT&T Servs., Inc.*, No. 21-0709, 2021 WL 3603322, at *7 (E.D. Pa. Aug. 13, 2021) ("Under Pennsylvania law, continued employment after receiving notice of an arbitration policy is sufficient to establish acceptance of, as well as consideration for, an arbitration agreement.").[2]

*Second*, the claims in the Complaint are within the scope of the ADR Policy. Indeed, the ADR Policy specifically identifies claims for discrimination based on gender and claims for retaliation (including those made pursuant to "federal, state and local statutory or common law") as claims covered by the policy. *See* Exhibit A to Declaration of John Evanish IV (ECF 10-1) at p. 2. The second question of arbitrability is therefore satisfied. *See Asberry-Jones*, 2019 WL 2077731 at *5 (the clear language in the arbitration agreement requires arbitration of plaintiff's claims); *Parker v. Briad Wenco, LLC*, No. 18-04860, 2019 WL 2521537, at *5 (E.D. Pa. May 14, 2019), *report and recommendation adopted*, No. CV 18-4860, 2019 WL 2516059 (E.D. Pa. June 18, 2019) (Title VII claims within agreement's scope).

The claims asserted in the Complaint fall squarely within the scope of the valid and enforceable agreement to arbitrate and therefore Ms. Foster should be compelled to arbitrate her claims and this litigation should be stayed pending the outcome of that arbitration. *See* 9 U.S.C.A. § 3 ("If any suit or proceeding be brought

---

[2]   The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

## II.    Ms. Foster Fails To State a Claim of Pregnancy Discrimination.

In Counts I and II, Ms. Foster claims that she was subject to discrimination on the basis of pregnancy when she was discharged for not returning to in-person work ten months after she gave birth.  Compl. ¶¶ 48-59, 60-70.  Her allegations, however, do not state a plausible claim for relief under Title VII, the PDA or the PHRA.

Title VII prohibits employers from "discharge[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex. . . ."  42 U.S.C. § 2000e-2(a)(1).  The PDA amended Title VII to expand its protection to prohibit discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions. . . ."  42 U.S.C. § 2000e(k).[3]

Ms. Foster tries to bootstrap Title VII's protection of pregnant employees into a right to work from home on a long-term basis with reduced responsibilities while

---

[3]    Claims brought under Title VII, the PDA, and the PHRA are analyzed coextensively.  *Anderson v. Boeing Co.*, 694 F. App'x 84, 86 n.4 (3d Cir. 2017).

caring for a baby. She asserts that she was discharged in April 2024—when her baby was ten months old—because she would not agree to return to her in-office position. Compl. ¶ 41. She complains that in-person work conflicted with her childcare obligations. *See, e.g., id.* ¶ 45 (alleging Horizon Dental did not "have adequate accommodation in the workplace for a mother with a newborn"); *id.* ¶ 31 (alleging "there was no physical space or accommodation in Defendant's office for a newborn to feed or sleep"); *id.* ¶ 36 (alleging that request to return to work in-person conflicted with Ms. Foster's "post-partum nature and need to provide for her newborn child"); *id.* ¶ 43 (alleging Ms. Foster was treated differently than other employees who had no "need to provide their newborn childcare and nourishment"); *id.* ¶ 37 (alleging Ms. Foster did not report for in-person meeting because "she could not get a last-minute babysitter"). As a matter of law, however, employers are not obligated to accommodate childcare obligations and therefore these allegations are insufficient to state a claim for relief under Title VII or the PDA. *See, e.g., Seibert v. Lutron Elecs.*, 408 F. App'x 605, 608 n.1 (3d Cir. 2010) (affirming summary judgment for employer where employee claims she was singled out and subject to disparate treatment because of her childcare responsibilities, noting that such claims "lack merit"); *Piantanida v. Wyman Ctr., Inc.*, 116 F.3d 340, 342 (8th Cir. 1997) ("[A]n individual's choice to care for a child is not a 'medical condition' related to childbirth or pregnancy."); *Dryden v. Graves*, --- F. Supp. 3d ---, No. 3:23-CV-03005-ECS, 2025 WL 1581322, at *5 (D.S.D. June 4 2025) ("an employer's

8

discrimination based on an employee's parental status does not violate Title VII"); *Finnegan v. Claires Stores, Inc.*, Civil Action No. 08-517, 2008 WL 4276143, at *1 (W.D. Pa. Sept. 16, 2008) ("being a new parent does not suffice" to make employee eligible for protection under PDA); *Kenney v. Ultradent Prods., Inc.*, No. 05-1851 (RMB), 2007 WL 2264851 at *6 (D.N.J. Aug. 6, 2007) ("Being a new parent . . . is not a medical condition related to either pregnancy or childbirth.").[4]

Because new parents caring for their babies are not within the protected class, Ms. Foster fails to state a claim of pregnancy discrimination in violation of Title VII, the PDA, or PHRA and Counts I and II of the Complaint should be dismissed.

### III.    Ms. Foster Fails To State a Claim of Retaliation.

In Counts III and IV, Ms. Foster claims that she was subject to retaliation after "request[ing] a reasonable accommodation due to her pregnancy."  Compl. ¶¶ 72, 76.  To state a claim for retaliation, a plaintiff must plead that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment

---

[4]    Ms. Foster alleges that she requested and received leave to work from home from September 2023 through December 2023 after she reported that her son was having difficulty taking a bottle.  Compl. ¶¶ 30, 32.  She worked from home for another four months until April 2024.  *Id.* ¶¶ 35, 38.  Leaving aside whether Horizon Dental had any obligation to reassign Ms. Foster to an Insurance Coordinator position and allow her to work from home on an extended basis, there is no question that Ms. Foster was accommodated.  Legal conclusions to the contrary in the Complaint (including at Paragraphs 44, 51, 57, 63, 69) are not accepted as true for purposes of ruling on this motion.  *See*, *e.g.*, *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) ("We are not . . . required to accept as true unsupported conclusions and unwarranted inferences.") (citations omitted).

action. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Ms. Foster's claim fails because she alleges no facts plausibly suggesting any link between any arguably protected conduct and any adverse employment action.

Ms. Foster alleges in conclusory fashion that "[t]here exists a causal connection" between her purported request for an "accommodation due to her pregnancy" and termination of her employment, Compl. ¶¶ 72, 74, 76, 78, but she alleges no facts whatsoever suggesting that her request for an accommodation in September 2023 was the cause of her separation in April 2024. Rather, she claims that she was let go because Horizon Dental no longer supported remote work. *Id.* ¶ 41. Prior to her parental leave, Ms. Foster worked in person as an Office Manager. *Id.* ¶ 24. She understood that Horizon Dental wished to have her return to work in person in that role. *Id.* ¶¶ 28-29. She refused to return to work in person and was separated as a result. *Id.* ¶ 41. She alleges no facts that plausibly suggest that the termination decision resulted from a request to work from home (which was granted) rather than discontinuation of remote work and therefore she fails to state a plausible claim for relief for retaliation. *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 (3d Cir. 2010) (affirming dismissal of retaliation claim where plaintiff "does not provide any factual matter to support her conclusory allegations of retaliation"); *Rodriguez v. Wellspan Philhaven*, Civil Action No. 1:23-CV-00698, 2025 WL 1710052, at *7 (M.D. Pa. June 18, 2025) (dismissing retaliation claim where plaintiff did not allege facts plausibly suggesting that protest of vaccine mandate was likely

10

cause for termination and instead termination decision comported with policy with which plaintiff disagreed).

Ms. Foster's conclusory assertions of retaliation are insufficient to state a claim for relief and, as a result, Counts III and IV should be dismissed.

**IV.    Ms. Foster Fails To State a Claim for Violation of the EPA.**

In Count V, Ms. Foster claims that Horizon Dental violated the EPA by paying her less than male employees in similar jobs.  Compl. ¶¶ 79-85.  Here too, her wholly conclusory assertions are insufficient to state a plausible claim for relief.

To state a *prima facie* claim for discrimination in violation of the EPA, a plaintiff must allege facts showing that employees of the opposite sex were paid differently for performing equal work.  *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000).  Equal work for purposes of the EPA is "work of substantially equal skill, effort and responsibility, under similar working conditions."  *Id.*

Ms. Foster's EPA claim consists entirely of boilerplate.  She alleges that Horizon Dental "paid different wages to [her], a woman, at rates less than the rates that it pays male employees for equal work . . . ."  Compl. ¶ 81.  She does not identify the work responsibilities assigned to her.  Nor does she identify the male employees who are alleged to have been treated differently, the roles and responsibilities of those male employees, or the factual basis for her assertion that those male employees were treated differently.  Her allegations are wholly conclusory and therefore insufficient as a matter of law to state a plausible claim for violation of the

11

EPA. *See*, *e.g.*, *Vermeer v. Univ. of Delaware*, Civ. Action No. 21-1500-RGA, 2022 WL 4103970, at *7 (D. Del. Sept. 8, 2022) (dismissing EPA claim where "allegations . . . are conclusory and do not equate to more than a recitation of the elements of an EPA claim"); *Endo Pharms., Inc. v. Fryer*, Civ. Action No. 17-2245, 2020 WL 4748296, at *3 (E.D. Pa. Aug. 17, 2020) (granting motion to dismiss EPA claim that "merely recites boilerplate language" and "does not raise factual allegations that amount to a cognizable claim for discrimination"); *Tinneny v. Weilbacher*, Civ. Action No. 15-753, 2017 WL 220331, at *4 (E.D. Pa. Jan. 19, 2017) (granting motion to dismiss EPA claim where "Plaintiff has not pled the existence of any similarly situated comparator"); *Best v. County of Northumberland*, No. 4:11-CV-00896, 2011 WL 6003853, at *6 (M.D. Pa. Nov. 30, 2011) ("Plaintiff's bald assertion that she was paid a lower wage than members of the opposite sex performing equal work, without specifying the work performed, or the wage earned, is not sufficient to raise a right to relief above the speculative level.") (citation and internal quotation marks omitted).

Count V merely recites the elements of an EPA claim without any plausible factual basis and, as a result, should be dismissed for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the reasons above, Ms. Foster should be compelled to pursue her claims, if at all, through arbitration and this action should be stayed pending its outcome or, alternatively, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Date:  September 17, 2025            Respectfully submitted:

/s/ Donna A. Walsh
Donna A. Walsh
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Counsel for Defendant, Horizon
Dental Care at Steamtown, Inc.

13

## <u>CERTIFICATE OF SERVICE</u>

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing

Memorandum of Law was served upon the following counsel of record via the

Court's ECF system on this 17th day of September 2025:

> David M. Koller, Esquire
> Jordan D. Santo, Esquire
> Koller Law LLC
> 2043 Locust St. Ste. 1B
> Philadelphia, PA 19103

/s/ Donna A. Walsh
Donna A. Walsh
