IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINA FOSTER,                            :
                                             :
        **Plaintiff,**                       :
                                             :
    v.                                       :      **No. 25-CV-01424**
                                             :
HORIZON DENTAL CARE AT                       :      **JUDGE MEHALCHICK**
STEAMTOWN, INC. d/b/a HORIZON                :
DENTAL CARE OF HAWLEY,                       :      **ELECTRONICALLY FILED**
                                             :
        **Defendant.**                       :

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO COMPEL TO ARBITRATION OR,
IN THE ALTERNATIVE, TO DISMISS COMPLAINT**

**INTRODUCTION**

Plaintiff Christina Foster's opposition brief (ECF 16) changes nothing.  She

does not deny that she agreed to arbitrate the claims asserted in her Complaint.  Nor

does she point to facts in her Complaint suggesting a plausible claim for relief under

pregnancy discrimination, retaliation, or equal pay theories.  Ms. Foster should be

compelled to arbitrate her claims or, alternatively, the Complaint should be

dismissed due to failure to state a claim upon which relief can be granted.

**ARGUMENT**

I.      **Ms. Foster Should Be Compelled To Arbitrate Any Claims.**

Ms. Foster's reliance on the Ending Forced Arbitration of Sexual Assault and

Sexual Harassment Act (EFAA) to avoid arbitration lacks merit.  While the EFAA

provides that that a pre-dispute arbitration agreement is unenforceable "with respect to a case which . . .  relates to the sexual assault dispute or the sexual harassment dispute," 9 U.S.C. § 402(a), Ms. Foster admits that she does not specifically allege a sexual harassment claim in this matter.  Opp'n Br. at 7.  Her attempt to escape a binding arbitration provision through the EFAA should therefore be rejected on this basis alone.  *See Moulds v. Skillcycle, Inc.*, No. 23- CV-4873, 2024 WL 2206464, at *1 n.1 (E.D. Mich. Mar. 27, 2024) (plaintiff's claims of pregnancy discrimination "simply do not constitute claims of sexual harassment or sexual assault, and thus do not implicate EFAA"); *Raupp v. Compass Grp. USA, Inc.*, No. 24-cv-10565, 2024 WL 4948838, at *3 (E.D. Pa. Dec. 3, 2024) ("If the EFAA requires an allegation of 'conduct constituting a sexual harassment dispute,' it follows that Plaintiff must allege sexual harassment in the complaint.").[1]

Moreover, Ms. Foster cannot allege that her hypothetical sex discrimination claim suffices to bring this dispute within the reach of the EFAA.  Sex discrimination and harassment are conceptually different.  *See Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020), *aff'd*, No. 20-2714, 2021 WL 6124314 (3d Cir. Dec. 28, 2021) ("Sex discrimination is discriminating against someone because of his or her sex.  Sexual harassment is unwelcome sexual advances or other verbal or physical

---

[1]  Copies of the unpublished decisions cited herein are reproduced in the attached Appendix in accordance with Local Rule 7.8(a).

contact of a sexual nature."). And she should not be allowed to attempt to now recharacterize her claims via opposition brief. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Indeed, the sole case offered by Ms. Foster in support of her argument, *Doe v. Saber Healthcare Grp.*, is distinguishable for that very reason—the plaintiff in that case alleged a sexual harassment claim. *Doe v. Saber Healthcare Grp.*, No. 3:23-1608, 2024 WL 2749156, at *1 (M.D. Pa. May 29, 2024) (listing "[h]arassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964" as claims alleged by plaintiff). No such claim is alleged or can be alleged here.[2]

Beyond offering the EFAA as a red herring, Ms. Foster has nothing to say opposing enforcement of the arbitration provision. She does not, and cannot, contest that she executed an acknowledgement of the ADR Policy, which states: "I acknowledge that I have received a copy of the *Alternative Dispute Resolution Policy* (ADRP) relating to Employer. I have read and understand Employer's ADRP

---

[2] Ms. Foster did not specfically assert a claim for sexual harassment in her EEOC filing, *see* Compl. ¶ 13, and the filing deadline already passed. Accordingly, she did not timely exhaust her administrative remedies for the new allegation of sexual harassment and any such claim would be untimely. *See, e.g., Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 749 (3d Cir. 2013) (affirming denial of leave to amend where plaintiff's "charge, filed within 300 days of his termination, only alleged discrimination based upon his race, and he has not presented any evidence that he ever filed an age discrimination charge with the EEOC within 300 days of a challenged employment act").

policy and agree to abide by it as a condition of my employment." *See* Exhibit C to Declaration of John Evanish IV (ECF 10-1). Nor can she dispute that the ADR Policy identifies claims for discrimination based on gender and claims for retaliation as claims covered by the policy. *See* Exhibit A to Declaration of John Evanish IV (ECF 10-1) at p. 2. Ms. Foster should thus be compelled to pursue her claims, if at all, through arbitration. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 523 (3d Cir. 2009) ("Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement.").

## II.    Ms. Foster Fails To State a Claim of Pregnancy Discrimination.

Ms. Foster claims that, "as a recently pregnant individual who recently gave birth," she had a right to work remotely for one year as a pregnancy accommodation under the Pregnancy Discrimination Act ("PDA"). Opp'n Br. at 10. Her claim necessarily fails because she was not pregnant or suffering from a pregnancy-related medical condition at the time she claims to have suffered an adverse action.

Ms. Foster gave birth in or around June 2023. Compl. ¶ 25. She does not allege that she was pregnant or suffering from a medical condition related to pregnancy or childbirth in January 2024 when her salary was reduced to correspond with her reduced remote work responsibilities, *id.* ¶¶ 27, 33, or in April 2024 when

she was separated because Horizon Dental no longer supported remote work, *id.* ¶¶ 38, 41.  This incurable omission is fatal to Ms. Foster's attempt to claim pregnancy discrimination.    *See* 42 U.S.C. § 2000e(k) (sex discrimination includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions. . ."); *see also Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008) ("Title VII prohibits employment discrimination based on an individual's sex.  The prohibition is breached whenever an employee's pregnancy or related medical condition is a motivating factor for the employer's adverse employment decision.") (citation and internal punctuation omitted).

Ms. Foster argues that her request to work from home "related to her recent childbirth and need to breastfeed her newborn child" rather than her "childcare" responsibilities, Opp'n Br. at 10, but she still fails to allege a pregnancy-related condition that prevented her from office work or required her to work from home more than ten months after giving birth.  While Ms. Foster initially asked for and was granted leave to work from home for four months because her child initially resisted taking a bottle, Compl. ¶¶ 30, 32, she later communicated that she wanted to continue working from home in a reduced role "until her son turned one year old [and] could safely be introduced to whole milk," *id.* ¶ 35.  Title VII, the PDA and PHRA afford no relief in these circumstances.  The statutory protections for pregnant employees do not require employers to accommodate baby feeding schedules and

5

do not entitle new mothers to work from home to care for their babies until they turn one. *See* cases cited in Def.'s Supp. Br. at 8-9. Ms. Foster cites no authority which holds otherwise.[3]

Ms. Foster fails to state a claim of pregnancy discrimination and Counts I and II of the Complaint should be dismissed.

### III.    Ms. Foster Fails To State a Claim of Retaliation.

Lacking actual facts linking any adverse action to any protected activity, Ms. Foster urges the Court to infer a causal connection based solely on the "temporal proximity" between her request to work from home in September 2023 and the change in pay corresponding with her reduced responsibilities in January 2024 and her separation in April 2024. Opp'n Br. at 12-13. This argument necessarily fails.

Temporal proximity between protected activity and adverse action may satisfy the causal link element if the timing is "unusually suggestive of retaliatory motive." *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000) (citations and quotation marks omitted). The protected activity and adverse action alleged here, however, are not proximate. The passage of four months between Ms. Foster's request to work from home and the reduction in her pay and the ten-month period between the remote

---

3    The cases cited by Ms. Foster on page 10 of her brief relate to claims for accommodations for disabilities under the Americans With Disabilities Act and have no direct application to the different issue here. *See Hohinder v. United Parcel Serv., Inc.*, 574 F.3d 169, 186 (3d Cir. 2009); *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 670 (3d Cir. 1999).

work request and her separation are not suggestive of retaliatory motive.  *See Kieffer v. CPR Restoration & Cleaning Servs., LLC*, 733 F. App'x 632, 638 (3d Cir. 2018) ("We have held that over two months between protected activity and adverse employment activity—without more—is insufficient to prove causation[.]"); *Blakney v. City of Phila.*, 559 F. App'x 183, 186 (3d Cir. 2014) ("temporal proximity greater than ten days" is not itself suggestive of causal link and "supplementary evidence of retaliatory motive" is required) (citations omitted).

Where, as here, causation cannot be inferred from timing, a plaintiff is required to plead facts that suggest retaliatory motive, such as a pattern of antagonism or inconsistency in the reason given for the termination.  *Blakney*, 559 F. App'x at 186.  Ms. Foster alleges no such facts.  She does not claim to have experienced any antagonism or animus after she asked for and received authorization to work from home.  She claims that her pay was reduced at the end of January 2024 after she had been working from home with reduced responsibilities for more than four months, Compl. ¶¶ 27, 33, but she alleges no facts suggesting the pay reduction resulted from a request for a pregnancy accommodation rather than her admittedly reduced job responsibilities.  *Id.* ¶ 27 (Plaintiff worked as "Insurance Coordinator" "[d]uring her . . . remote working arrangement").  And she alleges no facts suggesting that her separation in April 2024 had anything to do with a request to accommodate a pregnancy that ended when she gave birth in June 2023.  Compl. ¶

25. To the contrary, Ms. Foster alleges that Horizon Dental wanted her to return to work in person. Compl. ¶¶ 28-29. The allegations in the Complaint fall far short of making out a plausible claim of retaliation. *See, e.g., Rodriguez v. Wellspan Philhaven*, Civil Action No. 1:23-CV-00698, 2025 WL 1710052, at *7 (M.D. Pa. June 18, 2025) (dismissing retaliation claim where employee "has not adequately pleaded that her [alleged protected conduct] was the likely cause of her termination").

The wholly conclusory assertions in the Complaint are insufficient to state a claim for relief for retaliation and therefore Counts III and IV should be dismissed.[4]

### IV.    Ms. Foster Fails To State a Claim for Violation of the EPA.

The Complaint alleges no facts suggesting that Ms. Foster was paid less than any similarly situated male employee doing similar work under similar conditions. Supp. Br. at 11-12. Ms. Foster does not disagree. Aware of the shortcomings in her

---

[4] The cases cited by Ms. Foster on page 12 of her brief do not support a different outcome. *See Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 260-61 (3d Cir. 2017) (affirming summary judgment for employer on aspect of retaliation claim relating to adverse action two weeks after HR complaint where employee offered no evidence suggesting her complaint was likely reason for adverse action); *Kieffer v. CPR Restoration & Cleaning Servs., LLC*, 733 F. App'x 632, 638-39 (3d Cir. 2018) (employee's request for leave two months before termination insufficient to suggest a causal connection between his request for accommodation and termination). Ms. Foster also cites *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989), as support for the proposition that "[f]iling an EEOC charge is a protected activity," Opp'n Br. at 12, but there is no allegation that Ms. Foster filed an EEOC charge while she was employed at Horizon Dental.

Complaint, she urges the Court to permit her to take discovery to identify "the other individuals in the same position as Plaintiff, their sex, and their pay" and surmises that the comparators "will likely include men." Opp'n Br. at 13. Her Equal Pay Act ("EPA") claim is admittedly speculative and therefore insufficient to survive a motion to dismiss. A plaintiff cannot use discovery to search for facts necessary to make out a plausible claim. *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) ("[W]ere we to . . . allow for discovery . . . we would be permitting appellants to conduct a fishing expedition in order to find a cause of action. We cannot do so."); *Ruiz-Rivera v. York College of Pa.*, No. 1:19-CV-1636, 2020 WL 905587, at *4 (M.D. Pa. Feb. 25, 2020) ("Plaintiff cannot discover her way into a lawsuit."); *Bergin v. Teamsters Loc. Union No. 77*, No. 10-2289, 2011 WL 486230, at *2 (E.D. Pa. Feb. 4, 2011) ("'fishing expeditions' to seek out the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications in *Iqbal* and *Twombly*").[5]

---

[5]   Ms. Foster attempts to analogize her Complaint to the allegations deemed sufficient in *Barghout v. Bayer Healthcare Pharms.*, No. 11-CV-1576, 2012 WL 1113973 (D.N.J. Mar. 30, 2012), Opp'n at 13, but there is no comparison. The plaintiffs in *Barghout* "identified promotions granted and disparities in compensation as compared to similarly situated male employees." *Id.* at *10. There are no such allegations in Ms. Foster's Complaint. Instead, she admittedly relies on sheer hope that "discovery may reveal proof of violations of the Equal Pay Act." Opp'n Br. at 13. This is not sufficient.

Because Ms. Foster admittedly lacks facts necessary to make out a plausible claim under the EPA, *see* cases cited in Def.'s Supp. Br. at 12, Count V of the Complaint should be dismissed.

## CONCLUSION

For the reasons above and in Horizon Dental's opening brief, Ms. Foster should be compelled to pursue her claims, if at all, through arbitration and this action should be stayed pending its outcome or, alternatively, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Donna A. Walsh
Donna A. Walsh
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Attorneys for Horizon Dental Care at Steamtown, Inc.

Date:  October 16, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing

Reply Memorandum was served upon the following counsel of record via the Court's

ECF system on this 16th day of October, 2025:

David M. Koller, Esquire
Jordan D. Santo, Esquire
Koller Law P.C.
2043 Locust St. Ste. 1B
Philadelphia, PA 19103

/s/ Donna A. Walsh
Donna A. Walsh